BARNABAS WELTON, PLAINTIFF IN ERROR, V. ANGELINA BALTEZORE, DEFENDANT IN ERROR.

1.  Husband and Wife: SEPARATE PROPERTY OF WIFE. A sheriff levied upon personal property as that of E. B., the husband of A. B., whereupon A. B. brought an action of replevin and regained possession thereof, and on the trial obtained a judgment in her favor. The testimony tended to show that, prior to the year 1879, she had received $250 from her father, which she loaned to her son, and had received live stock from him in satisfaction of the debt, and that the stock levied upon was a part of the offspring of such stock. The transfer took place in 1879, and the judgment against E. B., upon which the execution was issued, was recovered in that year, but there was no proof that the property transferred to A. B. was not exempt. *Held*, That to entitle the plaintiff in error to a reversal of the judgment, fraud in the transfer must be established, and that it will not be presumed, particularly after the lapse of many years.

2.  Trial: EVIDENCE. A party who has examined a witness in part, when the witness is excused on the ground that the matter testified to was confidential, must show, either by the questions asked the witness and overruled, or by an offer of proof, that he desired the witness to testify further, otherwise the objection will be unavailing.

ERROR to the district court for Holt county. Tried below before POST, J.

*Uttley, Benedict & Sisley*, for plaintiff in error, cited: *Romberg v. Hughes*, 18 Neb., 579.

No appearance for defendant in error.

MAXWELL, J.

The plaintiff in error is sheriff of Holt county, and as such levied an execution in favor of Aultman, Miller & Co. on " one bay horse eight years old, one sorrel mare eight years old, one black cow thirteen years old, one red and white cow (spotted) five years old, one set of double harness, one red heifer two years old, one roan heifer one year old, one red steer one year old, and one red bull two years old, of the aggregate value of $375," as the property of Emory Baltezore. The defendant, who is the wife of Emory Baltezore, thereupon brought an action of replevin, and obtained possession of the property, and on the trial the jury returned a verdict in her favor, upon which judgment was rendered. A large number of errors are assigned, many of which need not be noticed specifically.

The defendant in error testifies that about thirteen years ago she received $250 from her father, and that she loaned this money to her son, Joseph Baltezore; that eleven years ago she purchased certain stock from her son in payment of said debt, and that the stock levied upon by the plaintiff in error was a portion of such stock or the offspring of the stock purchased from her son. In this she is corroborated by her son and husband. On the part of the plaintiff in error the assessment rolls for several years were introduced, to show that all personal property had been assessed to her husband, Emory Baltezore. The plaintiff in error offered to introduce a bill of sale of certain personal property from Joseph Baltezore to the defendant in error. This bill of sale was made in the year 1879, and was filed for record in the county clerk's office of Holt county.

The plaintiff in error sought to introduce the record of this bill of sale, and objections being made, the court took the matter under advisement, and we find no ruling on the question.

The plaintiff in error also sought to introduce as a witness one Ryland Parker, who stated that in the year 1879 he was consulted by the parties defendant. He testifies: "I understood from the parties that about that time they were having or expecting some trouble in relation to some certain collections, and that the property was not exactly in the condition they desired.it to be, and they wanted to make some shifts or transfers of the property, so as to accommodate their circumstances." He also states that his business was that of a farmer, but that sometimes he engaged in what lawyers called pettifogging. In answer to a question by the court he testified, without objection: "If you will allow me to state with reference to the notes, with reference to the other parties, they came to me to know how they could get rid of paying those notes. I did not know of any other way for them to get rid of them, only to get rid of the property, if they had any." He had previously stated, in his testimony, that he thought the claim was that of Aultman, Miller & Co. At this point the court ruled that, as the defendant in error had consulted Mr. Parker, his testimony was privileged, and this is now assigned for error. The testimony which he had given, however, was not stricken out, nor were questions propounded to him and overruled which would tend to show a fraudulent disposition of the property in question, nor was there any offer to prove such fraud. The plaintiff in error, therefore, seems to have been satisfied with the evidence of Ryland Parker, and cannot predicate error upon their own neglect. For aught that appears, the property transferred from Emory Baltezore to Joseph Baltezore in the year 1879, and prior thereto, was exempt property, which the parties had a perfect right to dispose of as they saw fit. It is a familiar rule of the law that fraud will not be presumed, and particularly is this the case where it is alleged to have occurred many years before the bringing of the suit. The judgment on which the execution was.

levied was recovered in June, 1879, so that the creditor had abundant opportunity soon after the alleged transfer to attack the same, and if fraudulent, set it aside. The questions of fact in the case were fairly submitted to the jury, and no material error is apparent in the record.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.